IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| WILLIAM R. VEITH,<br><br>Plaintiff,<br><br>v.<br><br>BUSINESS INFORMATION GROUP INC.,<br><br>Defendant, | **Civil Action No:**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff WILLIAM R. VEITH ("Plaintiff"), by and through his attorneys, MARCUS & ZELMAN LLC and JAFFER LAW, PLLC (Pro Hac Vice pending), and files this *Complaint* against Defendant BUSINESS INFORMATION GROUP INC. ("BIG"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3.  Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant regularly conducts business in this district and has a

corporate headquarters in this district.

## PARTIES AND SERVICE

**Plaintiff William R. Veith**

4. Plaintiff is a resident of Jefferson County, Kentucky.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c).

**Defendant Business Information Group Inc.**

6. Defendant Business Information Group Inc. ("BIG") is a "Consumer Reporting Agency" as defined by the FCRA 15 U.S.C. § 1681a(f). Defendant BIG conducts substantial and regular business activities in this district with its headquarters located at 251 Veterans Way, Warminster, Pennsylvania 18974. Defendant BIG may be served with process at 251 Veterans Way, Warminster, Pennsylvania 18974.

7. At all times material hereto, Defendant BIG is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. § 1681d.

8. Among other things, Defendant BIG sells consumer background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9. Plaintiff is a licensed life insurance broker within the state of Kentucky

10. In or around February 24, 2025, Plaintiff attempted to write a life insurance policy for a

client through Royal Neighbors of America.

11. Plaintiff was able to sell a Royal Neighbors of America life insurance policy contingent on Plaintiff passing a background check serviced by Defendant BIG.

12. On February 24, 2025, Defendant BIG published its background check report on Plaintiff to the Royal Neighbors of America (the "Report").

13. In its Report, Defendant BIG falsely and erroneously published that Plaintiff had been arrested and charged with a felony for facilitation robbery (the "Charge").

14. Plaintiff has never had a criminal history.

15. The individual convicted of the Charge has the same first and last name as Plaintiff, but a different middle name, birth date, and social security number.

16. Shortly after Defendant BIG published the Report to Royal Neighbors of America, Royal Neighbors of America rescinded its ability to sell their life insurance policies to Plaintiff exclusively due to the false or erroneous publication of the Charge on the Report.

17. Defendant BIG falsely and erroneously published another individual's criminal record to Plaintiff's Report.

18. On April 5, 2025, Plaintiff dispute the publication of the Charge on Plaintiff's Report by BIG.

19. On April 8, 2025, Defendant BIG sent a cursory response to Plaintiff stating that the Charge was removed from Plaintiff's Report.

20. Defendant BIG did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because BIG published a Report relating to Plaintiff which contained false and erroneous information pertaining to Plaintiff's criminal history.

21. Defendant BIG failed to take adequate steps to verify information before BIG included it in Plaintiff's consumer report and later published the Report to users.

22. Due to Defendant BIG's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment issues, exasperation of time to fix the erroneous Report published by BIG, loss of wages, mental anguish and emotional distress, anxiety, frustration, embarrassment, lack of sleep, and added stress to his daily routine.

23. Defendant BIG willfully or negligently failed to comply with its obligations under the FCRA 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant BIG**

24. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

25. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq*.

26. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

   c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

27. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the insurance company that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

28. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

29. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant BIG

30. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

31. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

32. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

    c.   The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

33. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the insurance company that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

34. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

35. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

36. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** July 16, 2025

Respectfully submitted,

**MARCUS AND ZELMAN LLC**

/s/ *Ari Marcus*
**Ari Marcus**
State Bar No.
701 Cookman Ave., Ste 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Email: ari@marcuszelman.com

**JAFFER LAW PLLC**
**(PRO HAC VICE PENDING)**

/s/ *Stephen Jones*
**Stephen Jones**
State Bar No. 24094760
**Shawn Jaffer**
State Bar No. 24107817
5301 Alpha Rd., Ste 80-5

>Dallas, Texas 75240
>Tel:   (469) 589-5605
>Fax:   (469) 669-0786
>Email: stephen@jaffer.law
>***Attorneys for Plaintiff***